[No. 27981. Department One. October 3, 1940.]

W. E. GAMBLE, *Plaintiff,* v. ALDER GROUP MINING AND SMELTING COMPANY *et al., Defendants.*

FRED B. MORRILL, *Appellant,* v. SEATTLE-FIRST NATIONAL BANK, SPOKANE & EASTERN DIVISION, *as Receiver, Respondent.*[1]

[1]Reported in 105 P. (2d) 811.

*Nuzum & Nuzum* and *Owen L. Knowlton,* for appellant.

*Dillard & Powell,* for respondent.

MAIN, J.—The question for decision in this case is whether the appellant, Fred B. Morrill, is entitled to a greater allowance for services as a trustee of a cor-

poration and for attorney's fees than the superior court allowed him.

The Alder Group Mining and Smelting Company, a corporation, was organized under the laws of this state November 19, 1906. The articles of incorporation provided that its affairs should be managed by a board of seven directors. None of the directors resided in this state, with the exception of the appellant. The corporation subsequently acquired title to certain mining property in Okanogan county.

July 1, 1922, the name of the corporation was stricken from the rolls in the secretary of state's office for failure to pay its license fees. At that time, all of the directors were dead, with the exception of the appellant and Robert S. Lewis, who resided in Fargo, North Dakota.

No meeting of the stockholders was thereafter called, and Lewis and the appellant continued to manage its affairs as directors. January 23, 1939, they leased the property, for a period of ninety-nine years, to two individuals, who subsequently assigned the lease to the Methow Gold Corporation, which went into possession and began to operate it. Lewis was the largest stockholder, and the appellant only had owned one share, which was undoubtedly to qualify him to act as a director.

February 3, 1939, another stockholder, W. E. Gamble, who owned a substantial amount of the stock, brought an action in the superior court of Spokane county for the appointment of a receiver and the winding up of the affairs of the corporation. The two surviving directors answered and resisted the action, seeking the appointment of a receiver. The state intervened in the action and sought recovery of the delinquent license fees. By an order entered May 18, 1939, a receiver was appointed.

Thereafter, the appellant filed a claim for services as trustee and attorney. The court allowed the claim in so far as such services were rendered in resisting the receivership action, but disallowed the claim in so far as any previous services were concerned. After setting out the various items charged and the credits, the claim was for $4,644.58.

From that portion of the order disallowing the claim for services rendered prior to the institution of the receivership action, this appeal was taken. Subsequently, the appellant made application to the superior court for permission to bring a direct action against the receiver, which was refused, and from the order denying such request, there was another appeal, perfected, as the first one was, by a cost bond. Before these orders were entered, the state, its claim for fees having been satisfied, was dismissed out of the case.

In addition to making the lease above mentioned, the surviving directors had other transactions. They, at no time prior to the beginning of the receivership action, attempted to wind up the affairs of the corporation or call a meeting of the stockholders. At the time the receivership action was begun, the corporation could not be reinstated on the records of the secretary of state's office, as provided for in § 14 of chapter 70, Laws of 1937, p. 246 (Rem. Rev. Stat. (Sup.), § 3836-14 [P. C. § 4656-64]), because its name had been stricken from the rolls for failure to pay its license fees for a period of more than ten years. From the order appointing the receiver, no appeal was taken, and that order became final.

Section 14 of chapter 70, Laws of 1937, above mentioned, provides that, if a corporation fails to pay its license fees, under the provisions of the previous section, for a certain time, its name shall be stricken from the rolls, and the secretary of state shall make a nota-

tion that the corporation is dissolved. In this case, so far as appears, no notation of dissolution had been made. The question as to whether, in view of this fact, the corporation was dissolved by operation of law, we shall pass without determination. It will be assumed, for the purposes of this opinion only, that it was not dissolved by operation of law.

■ The corporation, even though not dissolved, could not be reinstated under the provisions of § 14 of the statute above referred to, and it had, in effect, become dead, as has been indicated in *Globe Const. Co. v. Yost*, 173 Wash. 522, 23 P. (2d) 892. So long as it had the right to have its name restored to the rolls of the secretary of state's office by paying its delinquent fees, it was subject to process and suit, but it could not affirmatively maintain an action. *National Grocery Co. v. Kotzebue Fur & Trading Co.*, 3 Wn. (2d) 288, 100 P. (2d) 408.

■ The corporation not being able to have itself restored to the rolls of the secretary of state's office, it was the duty of the surviving trustees either to call a meeting of the stockholders, as they had the right to do (*Grant v. Monterey Gold Mining Co.*, 93 Wash. 1, 159 Pac. 895), or begin an action in the superior court for the purpose of winding up its affairs. The directors held the property as trustees for the benefit of the creditors and stockholders (§ 15, p. 247, Rem. Rev. Stat. (Sup.), § 3836-15 [P. C. § 4656-65]).

■ The corporation, being in the condition it was, unless authorized by statute, of which we know of none in this state, had no power to transact new business. 16 Fletcher, Cyclopedia Corporations, 1016, § 8179; 14A C. J. 1167, § 3833. Since it was the duty of the appellant and his associate director to refrain from engaging in any new business, it would seem evident that the appellant would not be entitled to compensa-

tion for doing something which, under the law, it was his duty not to do.

There was no error in the refusal of the trial court to permit the appellant to bring an independent action against the receiver. That was a matter that rested within the discretion of the superior court. *Blake v. State Sav. Bank,* 12 Wash. 619, 41 Pac. 909; *Schwabacher Bros. & Co. v. Schade & Parshall Co.,* 99 Wash. 271, 169 Pac. 783.

As above appears, prior to the time this application was made, an appeal had been taken from the order of the court disallowing the claim. In view of this fact, there was no reason why the trial court should permit an independent action to be maintained.

There can be no question but that §§ 14 and 15, chapter 70, of the 1937 law, above referred to, supersede any prior law on the subject of reinstating on the rolls of the secretary of state's office a corporation whose name had been stricken for failure to pay license fees. The contention of the appellant in this regard appears to be that, since that act contains a schedule of laws repealed, the doctrine of implied repeal does not apply, and in support of this contention he cites the case of *State ex rel. Spokane v. DeGraff,* 143 Wash. 326, 255 Pac. 371. The law under consideration in that case contained a schedule of acts repealed, but did not, as the law which we are now considering, in addition to the schedule of acts repealed, contain a provision that:

"All acts or parts of acts inconsistent with the provisions of this act are hereby repealed." Laws of 1937, chapter 70, p. 254, § 34 (Rem. Rev. Stat. (Sup.), § 3836-34).

Other questions are discussed in the brief, but, in view of the theory upon which the opinion is written, we think they are not now material.

The orders appealed from will be affirmed.

BLAKE, C. J., MILLARD, ROBINSON, and SIMPSON, JJ., concur.

