[No. 31759.   Department Two.   February 29, 1952.]

F. R. AMENDE, *Appellant*, v. THE TOWN OF MORTON, *Respondent.*[1]

*Brodie, Brodie & Fristoe*, for appellant.

*Weter, Roberts & Shefelman* and *James Gay,* for respondent.

[1]Reported in 241 P. (2d) 445.

FINLEY, J.—Mr. Amende, appellant, in his third amended complaint, is attempting to sue as the representative of a group or class whose legal rights allegedly have been violated by respondent, the town of Morton, Washington. The alleged class is composed of owners of bonds of local improvement district No. 2, of the town of Morton. The bonds are described in appellant's brief as nonnegotiable. He claims to be a member of the class by virtue of an assignment to him of some of the aforementioned bonds by the United States National Corporation of Portland, Oregon. The assignment was made on July 29, 1946. Possession of the bonds passed to Mr. Amende, appellant, on August 7, 1950. This lawsuit was started by him between the date of the alleged assignment of the bonds and the date upon which possession of the bonds passed from the alleged corporate assignor to Mr. Amende, alleged assignee. The demurrer by the town of Morton to Mr. Amende's second amended complaint was sustained prior to the above mentioned transfer of possession of the bonds. Subsequent to the transfer, Mr. Amende filed his third amended complaint, in which he alleged, (a) delivery of the bonds to him, and (b) simultaneous acquisition of a document, apparently executed in 1950, attempting to ratify and approve the assignment of July, 1946. It was stipulated in court that the instrument of assignment of July, 1946, would be deemed incorporated in paragraph two of the third amended complaint. The trial court sustained a demurrer to the third amended complaint and granted a motion to strike all allegations referring to Mr. Amende as the representative of a class. He elected to stand on his complaint. The trial court entered judgment dismissing the law suit with prejudice. This appeal followed.

Appellant, Mr. Amende, contends that his alleged assignment is effective to constitute him an "assignee for collection" under Rem. Rev. Stat., § 191 [P.P.C. § 10-1], and, consequently, that he may bring the instant action in his own name, and as representative of, and in behalf of, the bondholders as a class. It is further contended that the

assignment is an equitable one, even if it does not meet the requirements of a legal assignment.

In his brief, appellant concedes that he must rely upon the original assignment of the bonds from the United States National Corporation rather than the ratification thereof which occurred after the institution of suit; and that if the original assignment is not effective, he is not a member of the class and cannot maintain a law suit representing the class. This indicates a recognition of the general rule that the absence of a valid or subsisting title or right of action at the inception of a suit cannot be cured by filing a supplemental complaint alleging subsequent acquisition of such title or right of action. See 41 Am. Jur. 477, § 265; 125 A. L. R. 612, 613 and 619, and cases cited therein.

The requisites respecting a valid and binding assignment entitling the assignee to sue in his own name have been variously described. No particular words of art are required. 2 Williston on Contracts 1220, § 424. Any language showing an intent in the owner to transfer and invest property in the assignee is sufficient. *Christmas v. Russell,* 81 U. S. 69, 20 L. Ed. 762; *Metcalf v. Kincaid,* 87 Iowa 443, 54 N. W. 867; *Peck v. Calhoun,* 38 Ga. App. 764, 145 S. E. 528; 2 Williston on Contracts, *supra;* 6 C. J. S. 1089, 1096, §§ 41 and 52. The operative words generally used are "sell, assign, transfer." 6 C. J. S. 1096, § 52. The particular words are not important as long as the intent is manifest to deprive the assignor of control. *Turner v. Williams,* 114 Kan. 769, 221 Pac. 267.

An agreement or transfer which reserves a right of revocation to the original owner of the claim is not an effective assignment. *Christmas v. Russell, supra; In re Wood's Estate,* 243 Pa. 211, 89 Atl. 975. In *Sundstrom v. Sundstrom,* 15 Wn. (2d) 103, 129 P. (2d) 783, at page 108, we said:

"In order to work an equitable assignment, the assignor must have intended to transfer a present interest in the debt or fund or subject matter and, pursuant to such intention, must have made an absolute appropriation of the

thing assigned, relinquishing all control or power of revocation over it, to the use of the assignee."

In *Sneesby v. Livington*, 182 Wash. 229, 46 P. (2d) 733, at page 233, we said:

"In the case of *Christmas v. Russell*, 81 U. S. 69, the supreme court of the United States laid down the rule that an agreement to pay out of a particular fund, however definite, is not an equitable assignment. The court said:

" 'The phraseology employed is not material provided the intent to transfer is manifested. Such an intent and its execution are indespensable. The assignor must not retain any control over the fund—any authority to collect, or any power of revocation. If he do, it is fatal to the claim of the assignee. The transfer must be of such a character that the fund-holder can safely pay, and is compellable to do so, though forbidden by the assignor.' "

■ An assignee for collection can sue only where he has title to the chose. He can have title although the assignor may retain a certain beneficial interest. *Leavenworth State Bank v. Wenatchee Valley Fruit Exchange*, 118 Wash. 366, 204 Pac. 8, indicates that to come within Rem. Rev. Stat., § 191, an assignment must be absolute in its terms and vest in the assignee the apparent legal title, although the basic purpose is collection. In *Spencer v. Standard Chemicals & Metals Corporation*, 237 N. Y. 479, 143 N. E. 651, quoting from *Cummings v. Morris*, 25 N. Y. 625, the court said:

" 'If, as between the assignor and assignee, the transfer is complete, so that the former is divested of all control and right to the cause of action, and the latter is entitled to control it and receive its fruits, the assignee is the real party in interest.' "

■ In other words, the assignee must have some title, legal or equitable, to the thing assigned. If the assignee have such title, it is enough. The purpose of the assignment or the use to be made of the proceeds collected is immaterial. "But legal title or equitable title he must have." *Spencer v. Standard Chemicals and Metals Corporation, supra.*

With the reasoning of the above-cited cases in mind, we

now refer to the purported assignment in the case at bar, and point out the following:

(1) The usual words of transfer were used in the assignment. However, the phrase, "transfer and assign," is followed by the words of limitation, "for liquidation." Immediately after the latter phrase, the purported assignee is authorized to exercise all rights of the corporation in respect to the bonds. But this language is followed by the limiting phrase, "for the purpose of ultimately realizing as much as possible from the *liquidation* of said bonds."

(2) A provision is contained in the document that the arrangement between appellant and the corporation may be terminated by the latter at "any time after one year from the date hereof by ninety days written notice to" the appellant.

(3) The corporation is referred to in the purported assignment as sole owner of the bonds, and it is further provided that the corporation shall retain possession of the bonds.

Other written documents executed by and between appellant and the other bondholders, and incorporated by reference in appellant's second amended complaint, employed the language "power of attorney," "bond liquidating agreement."

■ Whatever the precise legal relationships may have been between appellant and the bondholders, we are convinced that the parties do not stand in the position of assignor and assignee. Since we have concluded that no valid assignment was consummated, it will not be necessary to discuss the question of whether appellant was entitled to maintain a class action in behalf of the bondholders.

The judgment of the trial court is affirmed.

HILL, MALLERY, HAMLEY, and OLSON, JJ., concur.