[No. 37545.    Department Two.    July 14, 1966.]

BAN-MAC, INC., *Respondent,* v. KING COUNTY *et al., Appellants.*\*

*Charles O. Carroll, James E. Kennedy,* and *William L. Paul, Jr.,* for appellants.

*James S. Turner* (of *Williams, Cole & Turner*), for respondent.

PER CURIAM—This is another appeal by King County seeking to have this court construe RCW 28.45, so as to make taxable as a "sale," the transfer of title to real property which takes place when a corporate owner of real estate is dissolved, pursuant to the voluntary dissolution

\*Reported in 416 P.2d 694.

proceedings authorized by RCW 23.01.520, 530, and the corporate real estate is distributed to the stockholders in kind, as surplus property.

Eleven years have passed since we first determined that such a transfer of ownership of real estate was not a taxable sale. *Deer Park Pine Indus., Inc. v. Stevens Cy.,* 46 Wn.2d 852, 286 P.2d 98 (1955). This was because such transfer was not in consideration of anything of value, passing from the trustee to the stockholder. Instead, it was a transfer pursuant to the established principal of corporate law that ownership of corporate stock carried with it the inherent right to share in the distribution of surplus corporate assets remaining on hand after discharge of corporate liabilities and expenses of dissolution.

As stated in 19 C.J.S. *Corporations* § 1730, p. 1489 (1940), "In the absence of statute, the legal title to property belonging to the corporation passes by operation of law to the stockholders, who are the beneficial owners through the corporation, and who take as tenants in common . . . ."

RCW 23.01.560 is merely a statutory enactment of that rule. It provides in part: "Any surplus remaining after paying or adequately providing for all debts and liabilities of the corporation shall be distributed, either in cash or in kind, by the trustee or trustees to the shareholders according to their respective rights and preferences."

We have applied this construction of the statutes subsequent to *Deer Park, supra,* in *Doric Co. v. King Cy.,* 57 Wn.2d 640, 358 P.2d 972 (1961), and *Estep v. King Cy.,* 66 Wn.2d 76, 401 P.2d 332 (1965).

In each of these cases, the factual pattern has varied to some extent. In King County's present appeal, there is a further slight variance in the fact pattern, but we feel that if several pages of this opinion were used in detailing and discussing the facts, we would still have to be faced with the application of the rule of law to which we have adhered for the past 11 years.

King County asserts that the manner in which the transaction was handled was "purely a mechanical subterfuge;" in other words, a tax-saving device employed by cor-

porate stockholders to avoid payment of the 1 per cent tax. If that be true, it is not justification for legislation by the judiciary. Const. art. 7 places revenue and taxation matters under legislative control. We may construe but not legislate in tax matters. As pointed out in the dissenting opinion in *Christensen v. Skagit Cy.*, 66 Wn.2d 95, 401 P.2d 335 (1965):

As the law now stands, a sizeable loophole exists when a person buys the stock of an existing corporation and then dissolves the corporation to obtain the land.

. . . .

However, this loophole may be of minimal importance, and it is possible that this exception has been purposely left on the books by the legislature. *Deer Park* was handed down in 1955, and the legislature has done nothing to the statute . . . .

In such a situation, we have a duty to exercise judicial restraint. An example of such proper judicial restraint is found in *Poe v. Seaborn*, 282 U.S. 101, 75 L. Ed. 239, 51 Sup. Ct. 58 (1930), wherein the United States Supreme Court considered the community property rights established in the state of Washington, and held that, inasmuch as income belongs to both husband and wife as community property when earned, the marital community might properly make a joint income tax return, even though this rule of property law when so applied, gave residents of Washington for many years a substantial tax advantage over residents of most other states. The court rejected the invitation of the Commissioner of Internal Revenue to engage in judicial legislation so as to "work uniformity of incidence and operation of the tax in the various states."

We should exercise similar restraint, and adhere to the rule of property rights upon which *Deer Park, supra,* and the subsequent application of its rule, rests.

Judgment affirmed.

---

November 9, 1966. Petition for rehearing denied.