**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**MED O FARM, INC.; William J. Osborn and Marylyle Osborn, husband and wife; and Double E Ranch, Inc., Defendants-Appellants.**

No. 82–3321.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 11, 1983.

Decided March 8, 1983.

Robert J. Crotty, Lukins, Annis, Shine, McKay, Vanmarter & Reid, Spokane, Wash., for defendants-appellants.

Carroll D. Gray, Asst. U.S. Atty., Spokane, Wash., for plaintiff-appellee.

Before WALLACE, ANDERSON, and SCHROEDER, Circuit Judges.

SCHROEDER, Circuit Judge.

We must decide whether the Farmers Home Administration (FmHA) may enforce the "due-on-sale" provision of a federal loan

made pursuant to the Emergency Agricultural Credit Adjustment Act of 1978.[1] We affirm the district court's decision that the clause is enforceable in this case.

In February 1979, appellant Med O Farm obtained an Economic Emergency (EE) loan in the sum of $96,040 for the purpose of continuing farming operations. The government's security consisted of both a promissory note signed by the sole shareholders of Med O Farm, the Osborns, and a real estate mortgage. The mortgage provided that "[n]either the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred or encumbered, voluntarily or otherwise, without the written consent of the Government." It also empowered the government to require payment of the entire amount outstanding and to enforce the instrument through foreclosure if Med O Farm failed to discharge any mortgage obligation. The promissory note incorporated these provisions.

In March 1980, the Osborns, without government consent, sold all of the stock of the farm to the Double E Ranch. The buyer attempted to assume the mortgage at its 8.5% interest rate. The FmHA commenced a foreclosure action in April 1981, after notifying the Osborns in July 1980 that they were in default under the mortgage and note, and providing them with an opportunity to repay the loan promptly. The district court granted the government's motion for summary judgment; Med O Farm, the Osborns and Double E Ranch appeal.

The facts surrounding the loan agreements and the sale of stock are undisputed. The legal question is whether Washington law, which would prevent foreclosure by the FmHA, applies.

The loan instruments themselves clearly provided that a transfer of ownership by the borrower would entitle the lender to accelerate the debt. Appellants argue that this remedy is nevertheless unavailable because Washington courts have adopted the rule that due-on-sale clauses are unreason-

1. 7 U.S.C. § 1946 Subchapter III §§ 201–211   (Supp.1981).

able restraints on alienation unless it is shown that enforcement of the clause is necessary to protect the lender's security. *Bellingham First Federal Savings & Loan Ass'n v. Garrison,* 87 Wash.2d 437, 553 P.2d 1090 (1976). Because it is not contended that this purchaser was a poor credit risk, we must assume that the transfer in this case did not impair the government's security. Therefore, if Washington law were applicable to the loan instruments in this case, the due-on-sale clause would not be enforceable.

▮ Appellants' argument fails, however, because of the well established · rule that federal, and not state law governs questions involving the rights of the United States under nationwide federal programs. *United States v. Kimbell Foods, Inc.,* 440 U.S. 715, 726, 99 S.Ct. 1448, 1457, 59 L.Ed.2d 711 (1979); *Clearfield Trust Co. v. United States,* 318 U.S. 363, 63 S.Ct. 573, 87 L.Ed. 838 (1943); *United States v. Stadium Apartments, Inc.,* 425 F.2d 358, 360 (9th Cir.), *cert. denied,* 400 U.S. 926, 91 S.Ct. 187, 27 L.Ed.2d 926 (1970); *United States v. View Crest Garden Apartments, Inc.,* 268 F.2d 380, 382 (9th Cir.1959). The EE loan at issue here was clearly made pursuant to a nationwide federal program. The district court correctly held state law inapplicable.

▮ Appellants next suggest that because the statute and regulations do not specifically address enforcement provisions in loan agreements, state law should be adopted · to resolve disputes arising under them. While a state rule may be adopted to govern the parties' relations under a federal program, such rules are rejected where their application would thwart the program's objectives. *Kimbell,* 440 U.S. at 728, 99 S.Ct. at 1458; Mishkin, *The Variousness of "Federal Law": · Competence and Discretion in the Choice of National and State Rules for Decision,* 105 U.Pa.L.Rev. 797, 805–06 (1957). The purpose of the agricultural loan program was to assist farmers who would otherwise be unable to obtain financing. *See, e.g.,* 7 U.S.C. § 1946 Subchapter III §§ 203(a)(1), 205 (Supp. 1981); 7 C.F.R. § 1945.102 (1982); 1978

U.S.Code Cong. & Ad.News 1106, 1111. Detailed eligibility requirements and certification procedures for loan applicants are set forth in the Emergency Agricultural Adjustment Act and its regulations. *See* 7 U.S.C. § 1946 Subchapter III §§ 202, 205 (Supp.1981); 7 C.F.R. §§ 1945.104, 1945.105, 1945.112, 1945.136 (1982). Permitting the buyers here, who have not met these requirements, to assume loans made pursuant to the Act would thus frustrate the specific objects of the federal program. Moreover, applying the Washington rule against due-on-sale provisions would limit the effectiveness of remedies available to the United States to ensure that the aims of the federal program are carried out. *See United States v. Stadium Apartments, Inc.,* 425 F.2d at 363; *United States v. View Crest Garden Apartments, Inc.,* 268 F.2d at 383. Therefore, the district court correctly determined that Washington law should not be applied in this action to foreclose federal loan instruments.

▮ Appellants also contend that the transaction in this case is not a "transfer" sufficient to trigger the due-on-sale clause. This argument has no merit. Under Washington law, transfer of all of the stock in a corporation implies transfer of an interest in the underlying assets. *See Ban-Mac, Inc. v. King County,* 69 Wash.2d 49, 50, 416 P.2d 694, 695 (1966); *cf. Terry v. Born,* 24 Wash. App. 652, 604 P.2d 504, 506 (1979) (transfer of an equitable interest triggers due-on-sale clause). Furthermore, the federal regulations promulgated under the Emergency Agricultural Credit Adjustment Act provide that a change in the manner in which the stock in a farm corporation is held can destroy its eligibility for EE loans. *See* 7 C.F.R. § 1945.112 (1982); *see generally* 1978 U.S.Code Cong. & Ad.News 1106, 1106–12 (loans to farming corporations were to be on the basis of ownership and operation of the underlying farm assets). Even if there could be any doubt that the transaction between Med O Farm and Double E Ranch was a "transfer" triggering the due-on-sale clause, we need not address it, for both sides in this appeal acknowledge

that the sale of stock to Double E Ranch was secured by a lien on the farm in favor of the Osborns. The property was, therefore, "encumbered" in contravention of the mortgage provisions. The district court's decision that the terms of the mortgage agreement had been violated was undeniably correct.

Affirmed.