[No. 22598–7–I.   Division One.   April 17, 1989.]

INDUCON CORPORATION, *Appellant,* v. CROWLEY MARITIME
CORPORATION, ET AL, *Respondents.*

*Carlos M. Sosa III* and *Burgeson & Sosa,* for appellant.

*Richard A. Nielsen, Jr.,* and *Lane, Powell, Moss &
Miller,* for respondent Crowley Maritime Corp.

*Daniel L. Thieme* and *Foster, Pepper & Shefelman,* for
respondent Beebe Brothers, Inc.

FORREST, J.—Inducon Corporation was administratively
dissolved by the Secretary of State on October 19, 1984, for
failure to pay its corporate license fees, pursuant to RCW

23A.28.125. On November 7, 1985, Inducon commenced an action against Crowley Maritime Corporation (Crowley) and Beebe Brothers, Inc. (Beebe). The defendants moved for summary judgment, contending that Inducon's failure to pay its license fees, and the administrative dissolution resulting therefrom, bars Inducon from maintaining the action. On June 22, 1988, the trial court granted the motion for summary judgment and dismissed the action. Inducon appeals. We affirm.

Although a dissolved corporation, Inducon relies on RCW 23A.28.250 as authority to maintain the action:

> The dissolution of a corporation either: (1) By the issuance of a certificate of dissolution by the secretary of state, or (2) by a decree of court, or (3) by expiration of its period of duration shall not take away or impair any remedy available to or against such corporation, . . . for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within two years after the date of such dissolution.

Beebe[1] contends that RCW 23A.44.120 bars the action:

> No corporation shall be permitted to commence or maintain any suit, action or proceeding in any court of this state, without alleging and proving that it has paid or contracted to pay as herein provided all fees and penalties due the state of Washington under existing law or this title.

In response, Inducon argues that after administrative dissolution it is no longer required to comply with RCW 23A.44.120. It relies on RCW 23A.28.125(5), which reads as follows:

> Prior to such [administrative] dissolution the corporation's existence will not be affected nor will any of its rights, duties and obligations be impaired, *except as otherwise provided in RCW 23A.44.120.*

(Italics ours.)

---

[1]Crowley has filed a joinder in the brief filed by Beebe, which asks for the same relief afforded Beebe and joins in the request for attorney fees for a frivolous appeal under RAP 18.9(a).

■■ We disagree. The last clause of RCW 23A.28-.125(5) makes absolutely clear that the requirement of RCW 23A.44.120 is not affected by the immediately preceding general language. Nothing in RCW 23A.28.250 explicitly relieves administratively dissolved corporations from the requirement of having paid its license fees before maintaining an action. The Legislature has not seen fit to amend RCW 23A.44.120 to relax its requirements as applied to dissolved corporations. Inducon has offered no policy reasons supporting any such relaxation. Absent clear legislative direction, it would be absurd to conclude that after being dissolved for nonpayment of fees, a corporation would be rewarded by an exemption from the requirement to pay fees prior to litigation, as required by RCW 23A.44-.120.

Courts are required to examine all applicable statutes and harmonize any ambiguous or conflicting provisions. *Dolman v. Department of Labor & Indus.*, 105 Wn.2d 560, 564–65, 716 P.2d 852 (1986). Applying RCW 23A.44.120 to dissolved corporations effectuates the legislative policy that a corporation should pay the license fees due the State before availing itself of the benefits of the court system supported by public funds. Accordingly, we hold that RCW 23A.44.120, which requires payment of license fees as a condition of maintaining an action, applies to dissolved corporations regardless of the method through which the dissolution has occurred. Although decided prior to the adoption of the Model Business Corporation Act, *Follett v. Clark*, 19 Wn.2d 518, 521, 143 P.2d 536 (1943), and *Gamble v. Alder Group Mining & Smelting Co.*, 5 Wn.2d 578, 105 P.2d 811 (1940), support this result. *See also* 16A W. Fletcher, *Private Corporations* § 7997 (perm. ed. 1988).

*Jet Boats, Inc. v. Puget Sound Nat'l Bank*, 44 Wn. App. 32, 38, 721 P.2d 18, *review denied*, 106 Wn.2d 1017 (1986), is not to the contrary. It recognizes that the requirement of RCW 23A.44.120 applies to dissolved corporations, but

holds that the statutory bar may be lifted by payment of the delinquent fees prior to trial, even if not paid prior to commencement of the suit. If Inducon wanted to maintain the suit, it could and should have paid its delinquent license fees.

As supplemental authority, Inducon relies upon a recent decision of this court, *Zimmerman v. Kyte,* 53 Wn. App. 11, 16, 765 P.2d 905 (1988). *Zimmerman* is of no help to Inducon. It holds that RCW 23A.44.120 does not bar a successor in interest from maintaining a cause of action that belonged to a predecessor corporation that had failed to pay its corporate license fees. There is no successor in interest here. The cause of action belongs to Inducon, and in the absence of proof that Inducon paid its license fees, Inducon is barred from maintaining the action. Contrary to Inducon's assertion at oral argument, RCW 23A.44.120 does not affect the validity or existence of the cause of action. It simply regulates whether a corporate entity may maintain that action in the courts of Washington.

Beebe urges that the provisions of RCW 23A.28.250 authorizing postdissolution suits does not apply to corporations dissolved by administrative action pursuant to RCW 23A.28.125. In view of our holding, we need not address this issue. We note, however, that if one of the principal policies of RCW 23A.28.250, and similar statutes in other states, is to preserve the rights and ease the procedural difficulties in asserting claims against dissolved corporations, it would be a strange interpretation that administrative dissolution would immunize such corporations from being sued, and thus in part frustrate the purpose for which the statute was enacted.

Beebe requests attorney fees for a frivolous appeal pursuant to RAP 18.9(a). Although easily disposed of, we do not find Inducon's claims so totally devoid of merit as to justify an award of attorney fees. *Mahoney v. Shinpoch,* 107 Wn.2d 679, 691, 732 P.2d 510 (1987).

The judgment is affirmed.

SWANSON and WEBSTER, JJ., concur.

Review denied at 113 Wn.2d 1002 (1989).