218 P.3d 621 (2009)
MRC RECEIVABLES CORP., Respondent,
v.
Almitra ZION, Appellant.
No. 60926-2-I.
Court of Appeals of Washington, Division 1.
July 27, 2009.
Publication Ordered October 16, 2009.
James Arthur Sturdevant, Attorney at Law, Bellingham, WA, for Appellant.
Isaac L. Hammer, Suttell & Associates PS, Bellevue, WA, for Respondent.
LEACH, J.
¶ 1 Almitra Zion appeals from an order granting summary judgment against her for unpaid debt on a Providian Bank credit card. Zion contested that the plaintiff, MRC Receivables, possessed a valid assignment to collect the debt. To obtain summary judgment MRC was therefore required to show that it possessed a valid assignment as a matter of law. MRC failed to do so because it provided no proof of a written assignment as required by RCW 4.08.080. Accordingly, we reverse the order on summary judgment and remand for further proceedings.

Background
¶ 2 In April 2007 MRC filed suit against Zion alleging that she was the obligor on a credit account, number XXXXXXXXXXXXXXXX, for which the unpaid balance was $2,635.47. MRC also alleged that it was a legal entity authorized to bring the action. Zion filed an answer disputing each of these allegations and further alleging that MRC was not qualified to do business in Washington state and was not the real party in interest.
¶ 3 Zion thereafter sent MRC interrogatories and discovery requests. These included many questions relating to Zion's theory that *622 MRC was actually an out-of-state debt collection agency that was not properly licensed and registered within the state of Washington. Zion eventually filed a motion to compel MRC to file a bond for that reason. The court denied Zion's motion.
¶ 4 MRC filed a motion for summary judgment against Zion in July 2007. Attached to the motion was the affidavit of Monica Lynn Sharp, an employee of Midland Credit Management, Inc. Sharp identified Midland as "servicer of this account on behalf of MRC Receivables Corp.(CRG)." She also asserted that "MRC Receivables Corp. (CRG)" was the "current owner of, and/or successor to, the obligation sued upon" and that the "plaintiff's predecessor in interest sold and assigned all right, title and interest in the defendant's PROVIDIAN BANK account to the plaintiff." Sharp's affidavit contains no reference to the account number listed in the complaint. Instead, Sharp referred to Midland's account number XXXXXXXXXX.
¶ 5 MRC also attached to its motion five pages of what appear to be bills on a Providian card in Zion's name dating from August through December 2001 for the account number in the complaint and two pages that appear to be a credit card agreement for a Providian Visa or Mastercard account. The agreement does not reference any particular account type or account number. Nothing in either Sharp's affidavit or in the motion for summary judgment explains the origin of these documents, attempts to lay a foundation for their admissibility, or even indirectly refers to them.
¶ 6 Zion filed an untimely response to the motion for summary judgment. At oral argument, counsel for Zion asked for the court to consider the response notwithstanding its lateness because of his recent health issues. With the agreement of MRC's counsel, the court agreed to consider the materials, conditioned on Zion's counsel's payment of sanctions. The response materials included an affidavit from Zion in which she personally denied owing MRC any money. The court nonetheless granted MRC's motion, concluding that Zion's affidavit was too vague and general to defeat summary judgment. The court later denied Zion's motion to reconsider.
¶ 7 Zion appeals.

Discussion

A. Continuance under CR 56(f)
¶ 8 Zion argues that the trial court erred by failing to continue proceedings under CR 56(f). We disagree.
¶ 9 Civil Rule 56(f) allows the court to order a continuance for further discovery when "it appear[s] from the affidavits of a party opposing the [summary judgment] motion that he cannot, for reasons stated, present by affidavit facts essential to justify his opposition." A court's denial of a CR 56(f) motion is reviewed for abuse of discretion.[1]
¶ 10 As MRC argues, it does not appear that Zion's counsel ever expressly requested a continuance of the summary judgment motion under CR 56(f). He filed no separate motion to continue. His untimely response to the summary judgment motion contained no incorporated motion to continue or even a reference to CR 56(f). While Zion's counsel discussed questions he would like to see answered in discovery during the oral argument on the motion for summary judgment, he never expressly asked the court for such a continuance. Zion has cited no authority requiring the trial court to raise the question of a CR 56(f) continuance sua sponte. We find no abuse of discretion by the trial court and accordingly reject this assignment of error.[2]

B. Summary Judgment
¶ 11 Zion makes several arguments that the trial court erred in granting summary judgment to MRC. We need address only one.
*623 ¶ 12 We review an order granting summary judgment de novo, engaging in the same inquiry as the trial court, considering all facts in the record and reasonable inferences in a light most favorable to the nonmoving party.[3] Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[4]
¶ 13 This action by MRC is based on Zion's alleged debt to Providian. Accordingly MRC, as the party moving for summary judgment, has the burden of establishing its standing by proving its right to sue as a matter of law.[5] When, as here, "the fact of assignment is put in issue by the pleadings... proof of the assignment is essential to a recovery" and "[t]he burden of proof of the assignment is on the one claiming to be the assignee."[6] MRC contends that it met this requirement because Sharp testified in her affidavit that MRC purchased the account from Providian and is now the assignee of all rights and interests in the account.[7] We disagree.
¶ 14 In Washington, RCW 4.08.080 authorizes an assignee of a chose in action to file suit in its own name, but requires such an assignment to be in writing:
Any assignee or assignees of any judgment, bond, specialty, book account, or other chose in action, for the payment of money, by assignment in writing, signed by the person authorized to make the same, may, by virtue of such assignment, sue and maintain an action or actions in his or her name, against the obligor or obligors, debtor or debtors, named in such judgment, bond, specialty, book account, or other chose in action, notwithstanding the assignor may have an interest in the thing assigned.
Here, MRC provided no direct or even indirect proof of any written assignment by Providian.[8] We therefore need not resolve the parties' other numerous points of contention about whether Sharp's affidavit presented only inadmissible hearsay and speculation.[9] Even if MRC had established beyond question that Zion had a delinquent account with Providian for the claimed amount, without proving a written assignment, MRC still failed to meet its burden of establishing that it was entitled to judgment as a matter of law.[10] We must accordingly reverse the order on summary judgment and remand for further proceedings.[11]
*624 ¶ 15 The parties each request fees under the credit card contract. MRC is not a prevailing party here, however, and Zion's request is premature because fees under the contract must abide the ultimate outcome of the determination of liability.[12]
¶ 16 We remand for further proceedings consistent with this opinion.
WE CONCUR: ELLINGTON, and GROSSE, JJ.
NOTES
[1] Coggle v. Snow, 56 Wash.App. 499, 504, 784 P.2d 554 (1990).
[2] Because, for the reasons stated below, we reverse and remand for further proceedings, the parties will have the opportunity for further discovery on remand, subject, of course, to the trial court's discretion in determining the proper scope and conduct of the discovery process.
[3] Wilson Court Ltd. P'ship v. Tony Maroni's, Inc., 134 Wash.2d 692, 698, 952 P.2d 590 (1998).
[4] Wilson, 134 Wash.2d at 698, 952 P.2d 590.
[5] Warth v. Seldin, 422 U.S. 490, 498-99, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); Norm Adver., Inc. v. Monroe St. Lumber Co., 25 Wash.2d 391, 398, 171 P.2d 177 (1946).
[6] Smith v. Rowe, 3 Wash.2d 320, 323, 100 P.2d 401 (1940).
[7] Although it is not the basis on which we reverse, we note that, contrary to MRC's description in its brief, Sharp's affidavit does not actually assert that MRC received the account directly from Providian, only that MRC's "predecessor in interest" sold all rights in the Providian account to MRC. Sharp's affidavit actually leaves open the possibility of any number of intervening owners of the assignment.
[8] Washington case law recognizes an exception to the writing requirement when the assignor personally testifies to the assignment, which thus forecloses any possibility of more than one person seeking recovery on the debt. See Zimmerman v. Kyte, 53 Wash.App. 11, 17-18, 765 P.2d 905 (1988). But MRC has not even addressed the writing requirement of RCW 4.08.080, much less argued that any exception applies. Moreover, this record contains no materials from any representative of Providian that could satisfy this exception.
[9] Should the matter proceed further on remand, of course, MRC will have the opportunity to address these problems. These include Sharp's failure to reference the alleged Providian account number, the lack of foundation for entry of the bills as a business record, the failure of those records to match the total amount claimed to be owing, and the lack of an explanation for how Sharp's status as a Midland employee provides her personal knowledge of her assertions regarding MRC, Zion's account with Providian, and how MRC came to own it. Conversely, Zion will also have the opportunity to address the deficiencies that MRC has argued are contained in her affidavits as well.
[10] It is therefore also unnecessary for us to address Zion's further claim that the trial court erred in denying her motion to reconsider.
[11] Zion requests the remedy of a remand with directions to dismiss. But Zion neither filed a cross-motion for summary judgment in her favor nor filed a cross-appeal. Nor does our conclusion that MRC failed to meet its initial burden on summary judgment establish that MRC necessarily cannot meet that burden in further proceedings. Zion is entitled only to the remedy here ordered.
[12] See Stuart v. Am. States Ins. Co., 134 Wash.2d 814, 824, 953 P.2d 462 (1998).