[No. 27506. *En Banc.* March 28, 1940.]

K. SMITH, *Respondent,* v. FLOYD S. ROWE *et al.,*
*Appellants.*[1]

*M. E. Mack,* for appellants.

*Milton S. Hanauer* and *Edward J. Lehan,* for re-
spondent.

MILLARD, J.—This action was instituted by plaintiff,
as assignee of an open account, to recover against de-
fendants, debtors of the assignor. The complaint al-
leged an indebtedness of defendants to Blaesing Granite
Company, a foreign corporation, for certain goods,
wares, and merchandise supplied by the latter to the
former, and the assignment by the corporation of that
account to the plaintiff. Defendants answered ad-
mitting the purchase of the goods in question from the
Blaesing Granite Company, but denied that they were
indebted in any amount to that corporation or to the
plaintiff and also denied that the account was assigned

[1]Reported in 100 P. (2d) 401.

to the plaintiff. Three affirmative defenses not material to this appeal were pleaded.

The cause was tried to the court, which found that the Blaesing Granite Company made an equitable assignment of its account and claim against defendants to plaintiff K. Smith for collection, and that plaintiff was entitled to recovery on that assignment. Judgment was entered accordingly. Defendants appealed.

The several assignments of error present the sole question whether the burden of proving the assignment was sustained by respondent.

Herman Blaesing, Jr., called as a witness by respondent, testified that he was vice-president and treasurer of the Blaesing Granite Company, an Oregon corporation, and that the signature of H. J. Blaesing on the following blank assignment, which was admitted in evidence over appellants' objection, was that of his father, who was president of the corporation:

"Assignment

"For value received the Blaesing Granite Company, an Oregon corporation, hereby assigns, transfers and conveys to                    all of its demands against and sums due from the Spokane Monumental Company, and/or Floyd Rowe of Spokane, Washington.

"Dated at Portland, Oregon, this 22nd day of June, 1938.                BLAESING GRANITE COMPANY,

By H. J. Blaesing
——————————————————
President."

Other than as recited above, the record—comments of the trial court in the memorandum decision are not evidence—is bare of anything even tending to prove the assignment by Blaesing Granite Company to respondent of its account against appellants. At the conclusion of the trial, appellants renewed their motion

for dismissal of the action on the ground of failure of proof of assignment to respondent.

The trial court expressed the view that, while the assignment did not disclose to whom it was made and there was no proof that the assignment was authorized by the proper corporate authority, under the above-detailed facts,

" . . . equitable principles must control procedure even in a law action and that equitably there had been an assignment to the plaintiff even though her name was omitted from the blank and that it would be the height of inequity to sustain the objection and dismiss the action and that the technicality must yield to the substance."

■ An alleged assignee without proof of assignment can not recover against obligor by whom assignment is denied. In an action by the assignee against the debtor, the plaintiff must prove the material allegations in his complaint which are put in issue by the answer of the debtor. To recover on an assignment of a chose in action, it is not only necessary that the plaintiff establish that there was a cause of action, but it is essential that plaintiff establish that the cause of action has been assigned to the plaintiff. In the case at bar, the respondent's recovery is dependent on an assignment—the fact of assignment was put in issue by appellants' denial that the account had been assigned—by Blaesing Granite Company to respondent. It devolved upon respondent to prove,—that burden the respondent did not sustain—as formally as any other material allegation, that the account had been assigned to respondent. 6 C. J. S. 1198.

We are not unmindful of the holding that there is a valid assignment in equity whenever the person to whom an obligation is due authorizes its payment to another, either for his own use or for that of some

other person, or authorizes anyone to receive or hold the moneys and to apply them to any specific purpose other than for the use and benefit of the assignor. 2 R. C. L. 615. However, it should be remembered that, where the fact of assignment is put in issue by the pleadings—as in the case at bar—proof of the assignment is essential to a recovery by the assignee. The burden of proof of the assignment is on the one claiming to be the assignee. While there are circumstances under which a presumption will exist that an assignment was intended solely from the nature of the transaction, the *mere possession* of a chose in action *does not raise* a *presumption of* an *assignment* to such holder. 6 C. J. S. 1199.

In *Kindler & Collins, Inc. v. Beck,* 98 Conn. 212, 119 Atl. 54, it was held that a written assignment in blank of a conditional lease and sale contract, evidencing the sale of a piano, is admissible as a step in the proof of an assignment of the contract to the person to whom the assignment was intended to be made, but whose name was not inserted in the written assignment. In that case, however, the assignment in blank of the contract was not the only evidence of the assignment. It was supplemented by evidence which tended to prove that the piano company was an assignee of the conditional lease and sale in question.

The *only evidence in the record before us* is that the president of the corporation alleged to have made the assignment to the respondent signed, as president of the assigning corporation, the assignment in blank. That is, the son of the president of the corporation testified that the signature as president on the assignment in blank was that of his father. There is no other evidence tending to sustain the controverted allegation that the Blaesing Granite Company made the assignment on which respondent seeks to recover.

To agree with the trial court "that it would be the height of inequity to sustain the objection and dismiss the action, and that the technicality must yield to the substance," we would have to indulge in speculation and violate the rules that the courts heretofore have uniformly followed respecting proof of assignment. In the case at bar there is no proof, there is no basis for presumption, of any assignment from the Blaesing Granite Company to respondent. It was incumbent upon respondent to establish her right to sue, and this necessitated proof of the assignment by which alone respondent had any such right. Respondent failed to sustain the burden of proof. To hold otherwise, would result, as aptly stated by the court in *Messick v. Houx Bros., Inc.,* 105 Cal. App. 637, 643, 288 Pac. 434,

"When courts of appeal resort to psychological legerdemain to force a fact into a barren record it breaks down the law itself and can result in naught but disaster."

The observation in the opinion in *Livieratos v. Commonwealth Security Co.,* 57 Wash. 376, 106 Pac. 1125, and the statement in opinion in *Jones & Dommersnas Co. v. Crary,* 234 Ill. 26, 84 N. E. 651,—inapposite authorities cited by counsel for respondent—respecting the presumed authority of the president of a corporation to represent the corporation, can not aid respondent, who failed to sustain the burden of proof of assignment.

The judgment is reversed, and the cause remanded with direction to the trial court to dismiss the action.

STEINERT, ROBINSON, SIMPSON, and JEFFERS, JJ., concur.

MAIN, J. (dissenting)—I think it at least *prima facie* appears that the president had authority to make the

assignment, and that the plaintiff had the right to maintain the action.  I therefore dissent.

BLAKE, C. J., BEALS, and GERAGHTY, JJ., concur with MAIN, J.