[No. 39244-5-II.   Division Two.   September 7, 2011.]

UNIFUND CCR PARTNERS, *Respondent*, v. PAUL B. SUNDE, *Appellant*.

474

*Deanna L. Johnson* (of *D.L. Johnson Law Office*) and *Michael D. Kinkley* and *Scott Kinkley* (of *Michael D. Kinkley PS*), for appellant.

*Patrick J. Layman* and *Nicholas R. Filer* (of *Suttell & Hammer PS*), for respondent.

¶1 QUINN-BRINTNALL, J. — This case concerns a debt collection action involving two credit card accounts. Paul B. Sunde appeals the trial court's order granting summary judgment in favor of debt collector Unifund CCR Partners regarding a US Bank account. Sunde also appeals an attorney fee award related to the US Bank account debt collection action. Unifund cross appeals the trial court's denial of summary judgment regarding a Chase Bank account claim. We affirm summary judgment with respect to the US Bank account and Unifund's reasonable attorney fees award. But because the Washington foreign jurisdiction statute of limitations escape clause, RCW 4.18.040, applies, we hold that the trial court erred when it found the Chase Bank account claim time barred under Delaware law. Accordingly, we reverse with respect to the Chase Bank account and remand for further proceedings.

## FACTS

¶2 Unifund is a company that purchases existing debts from original debt holders and collects those debts from the original debtors. On September 5, 2006, Unifund filed a debt collection action in Cowlitz County against Sunde for a US Bank credit card account (US Bank Account) in the amount of $22,428.80. On March 21, 2007, Unifund filed an amended complaint, changing the amount owed on the US Bank Account to $24,729.36, and adding a Chase Bank credit card account (Chase Account) debt for $26,435.45.

¶3 After attempting to serve Sunde with process, Unifund eventually summoned Sunde by publication in April and May 2007. Unifund filed a motion and declaration for default judgment on June 8, but it voluntarily withdrew the motion when Sunde filed an answer on June 4. Sunde asserted that Unifund failed to state a claim upon which relief could be granted and that Unifund's claims were barred by waiver, estoppel, laches, the applicable statute of limitations, and the doctrine of unclean hands.

¶4 On December 17, Unifund filed its first motion for summary judgment, to which Sunde responded on January 3, 2008. Sunde argued that Unifund's claims were barred under the statute of frauds, a three-year statute of limitations, and the doctrine of laches. Unifund voluntarily withdrew its first summary judgment motion. Unifund then filed its second motion for summary judgment on April 18. Sunde filed his opposition on June 5, asserting the same arguments as in his first opposition and adding that both the Delaware statute of limitations and the doctrine of laches barred the Chase Account debt claim.

¶5 On October 13, Unifund filed an amended motion for summary judgment on both accounts for a total sum of $56,198, plus interest, and $1,150 in attorney fees. Sunde opposed summary judgment on November 12, for the same reasons asserted in his June 5 opposition. On January 7, 2009, Sunde filed a supplemental brief, arguing that Unifund lacked standing to bring the debt collection claims because it had failed to establish valid assignments of the accounts. In response, Unifund filed a third supplemental declaration in support of its then pending motion for summary judgment. Sunde did not support any of his oppositions to Unifund's motions with affidavits or other documentation.

¶6 The trial court heard argument on Unifund's amended motion on February 26 and issued a letter ruling on March 16, granting Unifund summary judgment regarding the US Bank Account debt, plus interest and attorney fees,

but denying Unifund summary judgment regarding the Chase Account debt. The trial court found no issues of material fact, noting that Sunde failed to file any declarations contradicting Unifund's assertions of fact. The trial court then concluded as a matter of law that

> 1) the debts owed by Mr. Sunde on the Chase and US Bank credit cards were assigned to Unifund; 2) that the Statute of Frauds does not apply; 3) that a six-year statute of limitations applies to the U.S. Bank account collection efforts; 4) that Delaware's 3-year statute of limitation applies to the Chase account and is not tolled; and, 5) laches is not an appropriate equitable remedy in this case where [Sunde] voluntarily incurred the debt and simply did not pay it.

2 Clerk's Papers (CP) at 321-22. Accordingly, the trial court dismissed Unifund's Chase Account debt collection claim.

## DISCUSSION

¶7 Sunde argues that the trial court erred when it found Unifund had standing as a real party in interest to sue to collect the debts and that Unifund failed to adequately support its debt claims. Sunde bases his argument on assertions that Unifund lacked personal knowledge of the original debtor's business practices, hearsay, the business records exception to hearsay, and court treatment of electronic records. Sunde also appeals the award of attorney fees to Unifund. Unifund cross appeals the trial court's dismissal of its Chase Account claim, arguing that the Delaware tolling statute applied in a manner that triggers Washington's escape clause, RCW 4.18.040.

¶8 We review summary judgment orders de novo. *Torgerson v. One Lincoln Tower, LLC*, 166 Wn.2d 510, 517, 210 P.3d 318 (2009) (citing *Troxell v. Rainier Pub. Sch. Dist. No. 307*, 154 Wn.2d 345, 350, 111 P.3d 1173 (2005)). Summary judgment is appropriate only if the pleadings, affidavits, depositions, and admissions on file demonstrate the absence of any genuine issues of material fact, and the

moving party is entitled to judgment as a matter of law. CR 56(c). A material fact is one upon which the outcome of the litigation depends in whole or in part. *Atherton Condo. Apartment-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co.*, 115 Wn.2d 506, 516, 799 P.2d 250 (1990) (citing *Morris v. McNicol*, 83 Wn.2d 491, 494, 519 P.2d 7 (1974)). And we consider all facts submitted and the reasonable inferences therefrom in the light most favorable to the nonmoving party. *Atherton*, 115 Wn.2d at 516.

ASSIGNMENT AND STANDING

¶9 Sunde contends that Unifund lacked standing to bring the debt collection claims because it failed to establish valid assignments of the two accounts. Sunde asserts that an affidavit by a Chase Bank employee confirming the sale of the account to Unifund is insufficient to establish assignment of the Chase Account because Unifund did not include exhibits directly referencing Sunde's account number. Similarly, Sunde argues that a bill of sale exhibit referencing the US Bank Account failed to specifically identify Sunde's account and is therefore also insufficient to establish assignment. Sunde's challenges to Unifund's standing fail.

A. CHASE ACCOUNT ASSIGNMENT TO UNIFUND

¶10 As an initial matter, we note that the Chase Account credit card agreement included a Delaware choice of law clause. Although both parties appear to agree that Delaware law applies to the Chase Account dispute, Sunde argued at the February 26 hearing that he thought Unifund had "to show the assignments under current Washington law, and show it effectively before [it could] have standing to sue for the[ ] debts." Report of Proceedings (Feb. 26, 2009) at 15. Sunde was incorrect and Delaware law applies to the Chase Account debt claim.

¶11 Under Delaware law, whether a party is a "real party in interest" is a matter of defense to be raised by affirmative allegation. *Katz v. Exclusive Auto Leasing, Inc.*,

282 A.2d 866, 867 (Del. Super. Ct. 1971) (citing *Blau v. Lamb*, 314 F.2d 618, 620 (2d Cir.), *cert. denied*, 375 U.S. 813 (1963)). "In order to avail himself of the defense of real party in interest, the defendant has the burden of proof of showing that the plaintiff has not such a right as to afford the protection of res judicata when the suit is terminated." *Katz*, 282 A.2d at 867 (citing *Blau*, 314 F.2d at 620). A "real party in interest" is an "executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute" who "may sue in that person's own name without joining the party for whose benefit the action is brought." Del. Ch. Ct. R. 17(a).

¶12 Sunde raised this affirmative defense framed as an argument that Unifund failed to prove assignment under *Washington* law in a supplemental brief to his opposition to Unifund's October 2008 amended motion for summary judgment. In that brief, without citing any authority, Sunde asserted that because Unifund failed to attach a bill of sale or assignment contract specifically referencing Sunde's Chase Account and because the "best evidence of the Assignment is either a Bill of Sale or an Assignment from April 2004," the Chase employee affidavit alone was insufficient to establish assignment. 2 CP at 294.

¶13 Unifund submitted an affidavit of sale from a Chase Bank employee that included Sunde's name, account number, amount owed, and date of sale to Unifund, April 28, 2004. Unifund later submitted a bill of sale showing that "Bank One, Delaware NA" sold accounts to Unifund effective April 20, 2004. 2 CP at 306. Attached to the bill of sale was a redacted spreadsheet showing Sunde's name, account number, address, date of last payment, first date of delinquency, and current balance.

¶14 Delaware law does not support Sunde's bald assertion that the "best evidence" of assignment is a bill of sale or assignment contract. Indeed, it does not appear Delaware law requires any particular document from Unifund at all

because under Delaware law, it is Sunde's burden to show Unifund was not assigned the rights. *Katz*, 282 A.2d at 867 (citing *Blau*, 314 F.2d at 620). Here, Sunde failed to submit any affidavits or other evidence to show Unifund lacked the right to enforce its debt collection claim or to dispute any fact Unifund asserted. The Chase Bank employee's affidavit is sufficient to establish that the original debt holder sold the account to Unifund and Sunde did not prove, or even attempt to prove, otherwise.

¶15 Accordingly, we hold that the trial court did not err when it found Unifund was a real party in interest with standing to bring the Chase Account claim because Sunde failed to meet his burden under Delaware law to show Unifund was not assigned the right to collect on the Chase Account debt.

B. US Bank Account Assignment to Unifund

■ ■ ¶16 Under Washington law, RCW 19.16.270 provides that "the assignment of the claim to licensee by his or its customer shall be conclusively presumed valid, if the assignment is filed in court with the complaint, unless objection is made thereto by the debtor in a written answer or in writing five days or more prior to trial." Where "the fact of assignment is put in issue . . . proof of the assignment is essential to a recovery by the assignee" and "[t]he burden of proof of the assignment is on the one claiming to be the assignee." *Smith v. Rowe*, 3 Wn.2d 320, 323, 100 P.2d 401 (1940). Proof of assignment is a question of fact and we will not disturb the trial court's finding unless it is against preponderance of evidence. *Isings v. Cugini*, 178 Wash. 698, 34 P.2d 359 (1934); *see also Rowe*, 3 Wn.2d at 322 (citing 6 C.J.S. *Assignments* § 139).

■ ¶17 RCW 4.08.080 provides that an assignee who has received an assignment in writing may sue and maintain an action against debtors of the assigned accounts. Washington case law recognizes an exception to the writing requirement when the assignor personally testifies to the

assignment because the testimony forecloses any possibility of more than one person seeking recovery on the debt. *MRC Receivables Corp. v. Zion*, 152 Wn. App. 625, 630 n.8, 218 P.3d 621 (2009) (citing *Zimmerman v. Kyte*, 53 Wn. App. 11, 17-18, 765 P.2d 905 (1988)).

■ ■ ¶18 In support of its motion for summary judgment with regard to the US Bank Account, Unifund submitted (1) a Unifund employee's affidavit asserting personal knowledge of the purchase of the accounts at issue, (2) a bill of sale referencing "assets" listed on an "Asset Schedule" (but failed to include the Asset Schedule), (3) a cardholder agreement that does not reference any account number, and (4) credit card statements for the US Bank Account issued by US Bank.

¶19 A bill of sale with no name, account number, or any other information identifying Sunde's debt as having been sold or assigned to Unifund is insufficient to establish that US Bank assigned the rights and obligations on Sunde's contract to Unifund. *See, e.g., Zion*, 152 Wn. App. at 630-31 (where debt collector provides no direct or even indirect proof of any written assignment by the original debt holder, reversal of summary judgment is appropriate). But here, Unifund's employee's affidavit references Sunde by name and the US Bank Account number, and explains the redaction of the accompanying exhibit, which also shows Sunde's account number and name. In short, the affidavit, without Sunde's submitting any opposing factual evidence, is sufficient to establish assignment. *Cf. Zion*, 152 Wn. App. at 627-28 (agent's affidavit containing no reference to the relevant account number and no explanation of the accompanying documents is insufficient to establish assignment or to lay a foundation for their admissibility).

¶20 Accordingly, we hold that the trial court did not err when it found Unifund established standing by proving assignment.[1]

ATTORNEY FEES AWARD—US BANK ACCOUNT

¶21 Sunde relies on *Mahler v. Szucs*, 135 Wn.2d 398, 957 P.2d 632 (1998), for his assertion that the trial court erred when it failed to enter findings of fact before awarding attorney fees. In *Mahler*, our Supreme Court stated that courts should be guided by the lodestar method[2] in determining an attorney fees award. 135 Wn.2d at 433. The *Mahler* court further noted that courts could supplement the methodology by analyzing the nine factors in RPC 1.5(a) to determine whether an attorney fee request is reasonable. 135 Wn.2d at 433 n.20.

■■ ¶22 When reviewing an award of attorney fees, the relevant inquiry is first, whether the prevailing party

---

[1] We do not address Sunde's other arguments regarding proof of assignment because he failed to preserve them for appeal. RAP 2.5(a) provides that we may refuse to review any claim of error not raised in the trial court. When a party makes a supported motion for summary judgment, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in CR 56, must set forth specific facts showing that there is a genuine issue for trial. CR 56(e). If he does not so respond, summary judgment, if appropriate, shall be entered against him. CR 56(e). CR 56(c) allows an adverse party to file and serve opposing affidavits, memoranda of law, or other documentation not later than 11 calendar days before the hearing.

Here, Sunde failed to file any affidavits in support of his opposition to Unifund's motions for summary judgment. He did not challenge any of the affidavits submitted in support of Unifund's motions on the ground that the affiants lacked personal knowledge of the facts or statements made therein. Nor did Sunde object to or move to strike the statements in those affidavits about information contained in the business records of the original creditors or any of the exhibits attached to the affidavits on the grounds of hearsay. Accordingly, following CR 56(e) and RAP 2.5(a), we decline to review Sunde's claims of error with respect to Unifund's affidavits, including his arguments regarding personal knowledge, hearsay, the hearsay exceptions, and electronic records.

[2] Under this method, first, " 'a "lodestar" fee is determined by multiplying a reasonable hourly rate by the number of hours reasonably expended on the lawsuit. Second, the "lodestar" is adjusted up or down to reflect factors, such as the contingent nature of success in the lawsuit or the quality of legal representation.' " *Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 593-94, 675 P.2d 193 (1983) (quoting *Miles v. Sampson*, 675 F.2d 5, 8 (1st Cir. 1982)).

is entitled to attorney fees, and second, whether the fee award is reasonable. *Ethridge v. Hwang*, 105 Wn. App. 447, 459-60, 20 P.3d 958 (2001). Whether a party is entitled to attorney fees is an issue of law that we review de novo. *Ethridge*, 105 Wn. App. at 460 (citing *Tradewell Grp., Inc. v. Mavis*, 71 Wn. App. 120, 126, 857 P.2d 1053 (1993)). But we review whether the amount of fees awarded was reasonable under an abuse of discretion standard. *Ethridge*, 105 Wn. App. at 460 (citing *Am. Nat'l Fire Ins. Co. v. B&L Trucking & Constr. Co.*, 82 Wn. App. 646, 669, 920 P.2d 192 (1996), *aff'd*, 134 Wn.2d 413, 951 P.2d 250 (1998)). A trial judge has broad discretion in determining the reasonableness of an attorney fee award and, in order to reverse that award, the opponent must show that the trial court manifestly abused its discretion. *Ethridge*, 105 Wn. App. at 460 (citing *Scott Fetzer Co. v. Weeks*, 122 Wn.2d 141, 147, 859 P.2d 1210 (1993)).

¶23 As an initial matter, we note that the credit card agreement expressly provides for attorney fees related to a collection effort of a delinquent account. Next, we determine whether the attorney fees award was reasonable. In its amended motion for summary judgment, Unifund's counsel stated he had expended approximately 5.0 hours researching and preparing the memorandum and anticipated approximately 1.8 additional hours at the hearing on the motion. Unifund's counsel reiterated his request for the attorney fees at the February 26 hearing. Sunde objected on the ground that he did not sign the credit card agreement and, therefore, the agreement, including the attorney fees provision, could not be applied against him. The total sum for attorney fees requested under the credit card agreement and awarded by the trial court was $1,150.

¶24 This case has been ongoing since 2006. Although Sunde is correct that findings of fact are typically required to establish an adequate record for review to support a fee award, because he chose not to contest *any* facts Unifund submitted, we are unconvinced that reversal

for failure to enter such findings is appropriate here. *Mahler*, 135 Wn.2d at 435. The trial court's award of $1,150, based on the declaration of Unifund's counsel, was not a manifest abuse of discretion. Under the facts of this case, $1,150 is clearly reasonable compensation for four years of debt collection efforts. Accordingly, we hold that the record is sufficient to affirm the award.

DELAWARE STATUTE OF LIMITATIONS

¶25 Unifund cross appeals the trial court's finding that Delaware's three-year statute of limitations applied to bar its Chase Account claim. Unifund contends that the Delaware tolling statute applied to trigger Washington's statute of limitations. In other words, Unifund argues that because of the nature of Delaware's tolling statute, Unifund's claim could conceivably be tolled forever, resulting in an unfair burden on Sunde to defend against the claim. *See* DEL. CODE ANN. tit. 10, § 8117. Unifund asserts that Washington's adoption of the Uniform Conflict of Laws—Limitations Act, ch. 4.18 RCW, remedies this unfair burden by applying Washington's six-year statute of limitations to the claim instead. RCW 4.18.040. We agree.

¶26 Sunde made his last payment to the Chase Account on January 4, 2003. The next payment was due on February 9, 2003. Unifund filed the debt collection/breach of contract action on September 5, 2006, more than three and a half years after the cause of action accrued.[3] Therefore, unless Delaware's tolling statute applies to trigger Washington's limitations period, Unifund's action was untimely.

¶27 The first step in our analysis is to determine whether Delaware's tolling statute applies to this case. The Delaware statute of limitations for an action to collect delinquent credit card debt provides for a three-year period.

---

[3] The record is somewhat unclear on this point because it also shows the first date of delinquency to be January 15, 2003. This fact is not material, however, because in either instance, Unifund filed its suit beyond Delaware's three-year limitations period.

DEL. CODE ANN. tit. 10, § 8106. The period is tolled if, at the time when a cause of action accrues, a defendant is absent from Delaware, until the defendant comes into Delaware in such a manner that by reasonable diligence, he may be served with process. DEL. CODE ANN. tit. 10, § 8117. Under Delaware law, to survive a motion to dismiss for lack of personal jurisdiction, "the plaintiff bears the burden of showing a basis for the court's exercise of jurisdiction" over the defendant. *Werner v. Miller Tech. Mgmt., LP*, 831 A.2d 318, 326 (Del. Ch. 2003). When a defendant is a nonresident of Delaware, the plaintiff must demonstrate (1) a statutory basis for service of process and (2) the requisite "minimum contacts" with Delaware to satisfy constitutional due process. *AeroGlobal Capital Mgmt., LLC v. Cirrus Indus., Inc.*, 871 A.2d 428, 438 (Del. 2005); *Fisk Ventures, LLC v. Segal*, 2008 WL 1961156, at *6, 2008 Del. Ch. LEXIS 158, at *19 (Del. Ch. 2008) (unpublished), *aff'd*, 984 A.2d 124 (Del. 2009); *see also Ruggiero v. FuturaGene, plc.*, 948 A.2d 1124, 1132 (Del. Ch. 2008).

¶28 Here, the only statutory basis upon which Unifund could have served Sunde with process is Delaware's long-arm statute. 76 Del. Laws, ch. 329, § 1 (2008); DEL. CODE ANN. tit. 10, § 3104. Delaware's long-arm statute provides that Delaware courts may exercise personal jurisdiction over any nonresident who (1) transacts business in Delaware; (2) contracts to supply services or things in Delaware; (3) causes tortious injury in Delaware; (4) causes tortious injury outside Delaware but has significant contacts with Delaware; (5) has an interest in, uses, or possesses real property in Delaware; or (6) contracts to insure or act as a surety for any person, property, or thing in Delaware. DEL. CODE ANN. tit. 10, § 3104. It is undisputed that Sunde is a Washington resident with no contacts with Delaware. Nothing in the record before this court indicates Sunde satisfies any of the enumerated actions in the long-arm statute permitting Unifund to serve Sunde with process for the Chase Account claim in Delaware courts. Nor does the

record show that Unifund could have availed itself of any other traditional method of obtaining personal jurisdiction over Sunde, e.g., if Sunde had physically visited Delaware.

¶29 Moreover, the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p, which preempts contrary state law venue provisions, requires any debt collector who brings any legal action on a debt against any consumer to bring such action only in the judicial district in which such consumer resides at the commencement of the action. 15 U.S.C. § 1692i(a)(2)(B); *Martinez v. Albuquerque Collection Servs., Inc.*, 867 F. Supp. 1495, 1501-02 (D.N.M. 1994) Thus, under federal law, because Sunde lived in Washington in 2006, Unifund could bring the Chase and US Bank Account claims only in Washington courts.[4]

¶30 Accordingly, we hold that when the cause of action accrued in early 2003, Sunde was absent from Delaware, was not amenable to service of process in Delaware, and has not been amenable to service of process since that time. *Saudi Basic Indus. Corp. v. Mobil Yanbu Petrochemical Co.*, 866 A.2d 1, 18-19 (Del.) (Saudi Basic Industries Corp. (SABIC) was "out of state" and service of process upon SABIC could not have been accomplished in Delaware and because SABIC lacked significant contacts with Delaware, Delaware courts would have lacked personal jurisdiction over SABIC and ExxonMobil could not have obtained personal jurisdiction over SABIC in Delaware), *cert. denied*, 546 U.S. 936 (2005). The trial court therefore erred when it found that Delaware's tolling statute did not apply and dismissed Unifund's Chase Account claim.

¶31 Having determined that the period was tolled under Delaware law, the second step of our analysis is to determine whether Washington's limitation on foreign statutes

---

[4] Venue, which relates to the place where judicial authority may be exercised and is intended for the convenience of the litigants, must be distinguished from jurisdiction, the power to adjudicate, because it is possible for a court to have jurisdiction over a person or subject matter even if venue is improper. *Halpern Eye Assocs. v. E.A. Crowell & Assocs.*, 2007 WL 3231617, at *5, 2007 Del. C.P. LEXIS 69, at *15-16 (Del. Ct. Com. Pl.) (unpublished).

of limitations supplants Delaware's limitations period with Washington's six-year period in the instant case. RCW 4.16.040.

¶32 Washington is one of only six states to adopt the Uniform Conflict of Laws—Limitations Act (1982).[5] *Hein v. Taco Bell, Inc.*, 60 Wn. App. 325, 332, 803 P.2d 329 (1991) (stating five states had adopted the uniform code); Christopher R.M. Stanton, Note, *Implementing The Uniform Conflict of Laws-Limitations Act in Washington*, 71 WASH. L. REV. 871, 879 n.64 (1996). The act provides that if a claim is substantively based upon the law of another state, the limitations period of that state applies. *Ellis v. Barto*, 82 Wn. App. 454, 457-58, 918 P.2d 540 (1996) (citing RCW 4.18.020(1)(a)), *review denied*, 130 Wn.2d 1026 (1997); *Rice v. Dow Chem. Co.*, 124 Wn.2d 205, 210-11, 875 P.2d 1213 (1994) (no independent choice of law determination of the statutes of limitations is required after Washington State adopted the act). An exception is made, and Washington's limitations period applies, however, if the court determines that the other state's limitations period is (1) substantially different from Washington's limitations period and (2) a fair opportunity to sue or defend has or will not be afforded.[6] *Ellis*, 82 Wn. App. at 458 n.2 (citing RCW 4.18.040).

¶33 First, we hold that the three-year difference between the Delaware and Washington statutes of limitations is "substantial" under the meaning of RCW 4.18.040. *See Taco Bell*, 60 Wn. App. at 333 (parties agree that a two-year

---

[5] The other states are Nebraska, Colorado, Montana, North Dakota, and Oregon. Christopher R.M. Stanton, Note, *Implementing The Uniform Conflict of Laws-Limitations Act in Washington*, 71 WASH. L. REV. 871, 879 n.64 (1996). Minnesota enacted its own law, which treats a statute of limitations as procedural rather than substantive. MINN. STAT. § 541.31, .33 (2004). The statute's effect is the same as under the act.

[6] RCW 4.18.040 states,

If the court determines that the limitation period of another state applicable under RCW 4.18.020 and 4.18.030 is substantially different from the limitation period of this state and has not afforded a fair opportunity to sue upon, or imposes an unfair burden in defending against, the claim, the limitation period of this state applies.

difference in time is "substantial" under the meaning of RCW 4.18.040). Second, on its face, RCW 4.18.040 prophetically provides that in the event a foreign jurisdiction's statute of limitations is unfair to a defendant Washington resident, the applicable Washington statute of limitations would apply. Here, because Sunde could conceivably never become amenable to service of process in Delaware, the Chase Account claim limitations period could be tolled forever, causing an obvious "unfair burden [on Sunde] in defending against [the claim]." RCW 4.18.040. Thus, the two requirements of RCW 4.18.040 are satisfied and the trial court erred when it failed to apply Washington's six-year period and concluded the claim was time barred. *Fields v. Legacy Health Sys.*, 413 F.3d 943, 954 (9th Cir. 2005) (RCW 4.18.040 allows a court to evaluate the disparate effect of a foreign statute of limitations and choose to apply a local limitations period to avoid unfairness (citing *Taco Bell*, 60 Wn. App. at 331-33)).

¶34 Moreover, this holding comports with various comments included by the 1982 drafters of the act. *See, e.g.*, UNIF. CONFLICT OF LAWS—LIMITATIONS ACT § 2 cmt., 12 U.L.A. 159 (2008) (the forum state's own conflicts of law will always choose the limitations law that is substantively governing). The drafters of the Limitations Act acknowledged that by stating when a state's substantive statute of limitations law applied, the same state's procedural tolling provisions applied and it was conceivable that an "unfair" situation might arise:[7]

---

[7] Section 3, 12 U.L.A. 161, states,

If the statute of limitations of another state applies to the assertion of a claim in this State, the other state's relevant statutes and other rules of law governing tolling and accrual apply in computing the limitation period, but its statutes and other rules of law governing conflict of laws do not apply.

Section 4, 12 U.L.A. 162, states,

If the court determines that the limitation period of another state applicable under Sections 2 and 3 is substantially different from the limitation period of this State and has not afforded a fair opportunity to sue upon, or imposes an

It should be noted that Section 3 could conceivably give rise to application of the "unfairness" exception in Section 4, for example, if a state tolls the running of its limitation period because of a defendant's physical absence from the state even though he is at all times subject to service under a longarm statute. Tolling under such circumstances is unfair, and should be eliminated. Reliance upon the Section 4 [unfairness] exception seems preferable, however, to complete disregard of tolling provisions. Most of them, like accrual provisions which determine when a cause of action comes into existence, are reasonable and not outmoded.

§ 3 cmt., 12 U.L.A. 162. If the drafters believed that a forum state's statute of limitations was preferable in the circumstance described in the above comment, then the drafters would surely apply Washington's limitations period in the instant case, where Sunde was not only absent from Delaware but may *never* become amenable to service of process in Delaware. With respect to the application of the fairness-based section 4, codified near verbatim under RCW 4.18-.040, the drafters commented,

This section provides an "escape clause" that will enable a court, in extreme cases, to do openly what has sometimes been done by indirection, to avoid injustice in particular cases. The "strong public policy" of a forum state can be effectuated. The section should rarely be employed, but will be useful if harsh results should in any case ensue from rigid application of the preceding sections. One illustrative possibility is noted in the Comment following Section 3, above.

Litigants will not often be able to take advantage of the "escape clause." It is not enough that the forum state's limitation period is different from that of the state whose substantive law is governing; the difference must be "substantial," and the "fair opportunity" provision constitutes a separate and additional requirement. An "escape clause" is needed, but it is not designed to afford an "easy escape."

---

unfair burden in defending against, the claim, the limitation period of this State applies.

§ 4 cmt., 12 U.L.A. 162. The instant case demonstrates the "harsh results" the drafters contemplated: under Delaware law, there is effectively no statute of limitations. The limitations period barring Unifund's claim against Sunde is tolled indefinitely, whether Sunde becomes amenable to service of process in Delaware tomorrow or 50 years from tomorrow.

¶35 Sunde cites various state and federal cases for the proposition that to apply RCW 4.18.040 in this case would have the "absurd" result of complete abolition of the statute of limitations defense in actions involving nonresidents of Delaware. Sunde misplaces his reliance on these cases. In *Resurgence Financial, LLC v. Chambers*, 173 Cal. App. 4th Supp. 1, 6, 92 Cal. Rptr. 3d 844 (2009), and *McCorriston v. L.W.T., Inc.*, 536 F. Supp. 2d 1268, 1276 (M.D. Fla. 2008), both of which rely on *Hurwitch v. Adams*, 52 Del. 247, 155 A.2d 591 (1959), a California appellate court and a Florida federal district court agreed that Delaware's tolling provision could be most reasonably read to apply only to actions that are actually filed in a Delaware court or actions that could have been filed in a Delaware court. The courts based their reasoning on their findings that the Delaware legislature could not have intended an eternal tolling of a limitations period under Del. Code Ann. tit. 10, § 8117. *Chambers*, 173 Cal. App. 4th Supp. at 4-5; *McCorriston*, 536 F. Supp. 2d at 1276. But neither California nor Florida has adopted the Uniform Conflicts of Law—Limitations Act.[8] Thus, unlike Washington, there is no escape clause under either state's law that the courts may apply to avoid the "absurd" result of a claim surviving in perpetuity or the abolition of a statute of limitations affirmative defense. Here in Washington, however, RCW 4.18.040 remedies both

---

[8] *Avery v. First Resolution Mgmt. Corp.*, 2007 WL 1560653, at *5, 2007 U.S. Dist. LEXIS 39260, at *13-15 (D. Or.), *aff'd*, 561 F.3d 998 (9th Cir. 2009), is a recent example cited by the parties of a federal district court sitting in Oregon, which has adopted the Limitations Act, applying an identical escape clause, Or. Rev. Stat. § 12.450, to supplant New Hampshire's three-year statute of limitations with Oregon's six-year period.

potentially "absurd" results in this case by substituting a six-year limitation period.

¶36 Last, Sunde asserts that Delaware has a blanket policy of applying the shortest possible statute of limitations to a case and that we should not undermine that policy by applying Washington's six-year period. To support his assertion, Sunde cites Delaware's borrowing statute, Del. Code Ann. tit. 10, § 8121, which provides,

> Where a cause of action arises outside of this State, an action cannot be brought in a court of this State to enforce such cause of action after the expiration of whichever is shorter, the time limited by the law of this State, or the time limited by the law of the state or country where the cause of action arose, for bringing an action upon such cause of action.

Sunde's argument fails. Not only is Washington's six-year statute of limitations shorter than Delaware's indefinitely tolled statute, but the purpose of a borrowing statute, as adopted by almost every state, is to prevent forum shopping by imposing the shortest applicable statute of limitations. *Saudi Basic*, 866 A.2d at 16. Here, federal law prevents Unifund from forum shopping by imposing Washington as the only venue in which it may file suit against Sunde. That RCW 4.18.040 applies to replace Delaware's tolled three-year period with Washington's six-year period, making Unifund's claim timely, is merely a product of this particular type of claim—many other types of claims have much shorter limitation periods in Washington and RCW 4.18-.040 is not limited to debt collection claims.

Attorney Fees on Appeal

¶37 We deny Sunde's request for attorney fees and costs on appeal under RAP 18.1, Delaware law, the credit card agreements, and RCW 4.84.330. We grant Unifund's request for attorney fees and costs on appeal under the Chase Account credit card agreement, RAP 14.3, and RAP 18.1. Except for those costs the commissioner of this court will determine under RAP 14.3 and 14.6, the trial court should

determine the reasonable amount of the award on remand. RAP 18.1(i).

¶38 Accordingly, we affirm summary judgment of Unifund's US Bank Account claim and the related attorney fee award, reverse summary judgment dismissal of Unifund's Chase Account claim, and remand for further proceedings.

WORSWICK, A.C.J., and VAN DEREN, J., concur.