IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| REDMOND RIDGE EAST HOMEOWNERS ASSOCIATION, | No. 79497-3-I |
| Respondent, | DIVISION ONE |
| v. | |
| JAYAKRISHNAN NAIR and ATHIRA NAIR, husband and wife and their marital community, | UNPUBLISHED OPINION |
| Appellants. | |

BOWMAN, J. — In this action to foreclose on a lien for unpaid assessments, Jayakrishnan Nair appeals the trial court's award of attorney fees and costs to the Redmond Ridge East Homeowners Association (Association). Nair contends (1) the trial court erred in denying his request for arbitration on the amount and reasonableness of the fees, (2) the trial court erred in including post-sale fees as part of the redemption price, and (3) the amount of the fee award was excessive. We affirm.

FACTS

Nair owns a residential property in Redmond, Washington, within the Association community. Nair operates the property and several other properties as short-term rentals through the website Airbnb.com.

Citations and pin cites are based on the Westlaw online version of the cited material.

All homeowners in the Association must pay quarterly assessments. The Association's "Declaration of Covenants, Conditions and Restrictions" (CCRs) authorize the Association to record a lien against property in the Association community to secure payment of delinquent assessments, interest, late charges, and reasonable attorney fees.

Nair stopped paying the assessments on the property in January 2011. On October 1, 2014, the Association brought an action against Nair and his spouse Athira[1] to foreclose on its lien. A process server made multiple unsuccessful attempts to serve Nair at his residence, also in Redmond. A neighbor confirmed that Nair lived at the residence, a vehicle registered to Nair was consistently parked in the driveway, and lights were seen turning on and off inside the residence. The trial court found that Nair was evading service and permitted service by mail.

Nair did not appear or respond to the summons and complaint. On February 27, 2015, the trial court entered a default judgment against Nair in the amount of $6,516.91 plus $3,474.77 in attorney fees and costs for a total judgment of $9,991.68. The judgment also provided, "This judgment shall automatically include all additional assessments, late fees, reasonable attorney fees[,] and costs incurred in this matter until this judgment is paid in full." Interest accrued on the judgment at a rate of 10 percent per annum. The trial court also entered a decree of foreclosure and scheduled a sheriff's sale.

---

[1] Nair filed this appeal individually.

In April 2015, Nair filed a Chapter 13 bankruptcy petition, staying the sale. The bankruptcy proceedings were marked by Nair's failure to timely file financial reports and make payments as ordered.[2] The bankruptcy court ultimately converted the petition to a Chapter 7 proceeding. It dismissed the proceeding without discharge in April 2017 after Nair paid his unsecured creditors.[3]

After the bankruptcy court lifted the stay, the trial court scheduled the sheriff's sale for July 28, 2017. The day before the sale, Nair sought an ex parte order from the trial court to stay the sale.[4] The trial court denied the stay but ordered that prior to any payment of attorney fees out of the proceeds from the sale, "the court must make a determination that they are reasonable."

The sheriff's sale occurred as scheduled. The Association purchased the property for $78,973.64, the total amount of the assessments, attorney fees, costs, and interest as of that date.

On July 24, 2018, Nair redeemed the property for $93,171.65. The Association placed the funds in trust pending a determination on the amount and reasonableness of attorney fees.

---

[2] This court set forth the facts of Nair's bankruptcy proceeding in more detail in an unpublished opinion affirming the dismissal of Nair's legal malpractice claim against his bankruptcy attorney. See Nair v. Symmes, No. 77629-1-I (Wash. Ct. App. May 28, 2019), http://www.courts.wa.gov/opinions/pdf/776291.pdf.

[3] The Association requests we take judicial notice pursuant to ER 201 of the "hundreds of pleadings" filed in Nair's bankruptcy proceedings. We decline to do so, deeming them unnecessary to the resolution of this appeal.

[4] The record shows that the trial court contacted the Association and held a telephonic hearing on Nair's request to stay the sale. A record of the proceedings is not before this court.

On October 11, 2018, the Association filed a motion seeking $80,716.50 in attorney fees and $3,012.56 in costs for a total of $83,729.06. Nair filed a pro se declaration in opposition, challenging the reasonableness of the fees.[5]

The trial court granted the Association's motion, finding that the attorney fees and costs requested were reasonable and necessary. Nair appeals.

ANALYSIS

Arbitration

Nair first contends that he was entitled to have the amount and reasonableness of attorney fees determined through arbitration. In doing so, Nair cites to the arbitration provision in the CCRs that states, in relevant part:

**14.2    Dispute Resolution.**

(a)    **Mediation/Arbitration.** Any claim, controversy or dispute by or among Declarant, the Association or one or more Owners, or any of them, arising out of or related to this Declaration or the Bylaws or the Property shall be first subject to mediation and, if not timely settled by mediation, resolved by arbitration in accordance with this Section 14.2. Any party may at any time opt to forego mediation and submit the matter directly to arbitration as provided in this Declaration. The decisions and award of the arbitrator shall be final, binding and nonappealable. The arbitration shall be conducted in King County, Washington, pursuant to the arbitration statutes of the State of Washington and any arbitration award may be enforced by any court with jurisdiction. Filing for arbitration shall be treated the same as filing in court for purposes of meeting any applicable statute of limitations or for purposes of filing a notice of pending action ("lis pendens").

. . . .

---

[5] In a declaration filed in the bankruptcy court, Nair admitted that he "intentional[ly]" refused to pay the assessments because he believes that homeowners associations are "corrupt[ ]." But at the hearing on attorney fees at issue in this appeal, Nair argued that he had moved to New Jersey in February 2011 and blamed a "bill pay setup error" for the failure to pay the assessments. The trial court explicitly found Nair not credible.

(f)  **Excluded Matters.**  Notwithstanding the foregoing, the following matters shall not be subject to mediation or arbitration under this Section 14.2:

(i)  actions relating to the collection of fees, Assessments, fines and other charges imposed or levied by the Association (other than disputes as to the validity or amount of such fees, assessments, fines or charges, which disputes shall be subject to mediation/arbitration as provided above).

Nair argues that this provision means the reasonableness of the Association's attorney fee request is subject to arbitration.  But a plain reading of the CCRs does not support this claim.  Section 14.2(f)(i) clearly refers to fees levied by the Association, not attorney fees.  A separate section, 14.2(g), governs attorney fees.  Section 14.2(g) of the CCRs states:

**Costs and Attorneys' Fees.**  The fees of any mediator and the costs shall be divided and paid equally by the parties.  Each party shall pay its own attorneys' fees and costs in connection with any mediation.  The fees of any arbitrator and the costs of arbitration shall be paid by the nonprevailing party or parties; if none, such fees and costs shall be divided and paid equally by the parties. Should any suit, action or arbitration be commenced in connection with any dispute related to or arising out of this Declaration or the Bylaws, to obtain a judicial construction of any provision of the Declaration or the Bylaws, to rescind this Declaration or the Bylaws or to enforce or collect any judgment or decree of any court or any award obtained during arbitration, the prevailing party shall be entitled to recover its costs and disbursements, together with such investigation, expert witness and attorneys' fees incurred in connection with such dispute, as the court or arbitrator may adjudge reasonable, at trial, in the arbitration, upon any motion for reconsideration, upon petition for review, and on any appeal of such suit, action or arbitration proceeding.  The determination of who is the prevailing party and the amount of reasonable attorneys' fees to be paid to the prevailing party shall be decided by the arbitrator (with respect to attorneys' fees incurred prior to and during the arbitration proceeding) and by the court or courts, including any appellate or review court, in which such matter is tried, heard or decided, including a court that hears a request to compel or enjoin arbitration or that hears exceptions made to an

5

arbitration award submitted to it for confirmation as a judgment (with respect to attorneys' fees incurred in such proceedings).[6]

The CCRs make clear that Nair was entitled to arbitrate any dispute regarding the amount of fees and assessments levied by the Association. Had he done so, attorney fees "incurred prior to and during the arbitration proceeding" would be decided by the arbitrator. Nair is not entitled to arbitrate the amount of attorney fees incurred by the Association as a result of the Association's collection efforts in court.

But even if Nair was entitled to arbitrate the reasonableness of those fees, the record shows that he never requested arbitration. The only mention of arbitration was in Nair's pro se declaration opposing the Association's motion for attorney fees, in which Nair stated:

> **. . . CCRs Only Allow Reasonable Attorney Fees, and allow Arbitration**
> As can be seen from [Ex_CCRs], the [Association] is only allowed to collect "reasonable" attorney fees in the event of a collection. Furthermore, in the event of a dispute the CCRs allow arbitration.[7]

An attorney represented Nair at the hearing on the Association's motion for attorney fees and costs. His attorney asked why Nair was not entitled to arbitration. The trial court responded, "Because you haven't asked for it. Where is your demand for arbitration? . . . Where have you followed any of the procedures to demand arbitration at any time?" The trial court held that Nair's

---

[6] Emphasis added.

[7] First alteration in original.

6

brief reference to arbitration in his declaration was insufficient to constitute a demand for arbitration.[8]

Citing Verbeek Properties, LLC v. GreenCo Environmental, Inc., 159 Wn. App. 82, 246 P.3d 205 (2010), Nair argues that the trial court exceeded its authority in finding that he failed to properly demand arbitration "because the issue of whether a party has properly initiated an arbitration is a procedural issue to be decided by the arbitrator." In Verbeek, the party sent a letter explicitly invoking an arbitration clause and stated a desire to proceed to arbitration. Verbeek, 159 Wn. App. at 85. The trial court concluded that arbitration was waived because the letter did not conform to the procedures required by chapter 7.04A RCW, the uniform arbitration act. Verbeek, 159 Wn. App. at 87. This court reversed, holding that the arbitrator, not the court, is tasked with determining whether a request for arbitration was made in compliance with chapter 7.04A RCW. Verbeek, 159 Wn. App. at 87-88.

In contrast, Nair's declaration states only that the CCRs "allow arbitration." At no point prior to the hearing did Nair claim he was seeking arbitration. The remainder of Nair's declaration consists of only unsupported assertions that his bankruptcy attorney and the Association's attorney were colluding to defraud him. The trial court did not err in concluding that Nair's declaration was insufficient to constitute a request for arbitration.

---

[8] Nair contends that he first requested arbitration on the reasonableness of attorney fees when he filed the July 27, 2017 ex parte motion to stay the sheriff's sale. But as Nair acknowledges, there is no record of that hearing before this court. A party seeking review has the burden of providing an adequate record to establish the asserted error. RAP 9.2(b).

Post-Sale Attorney Fees Included in Redemption Price

Nair next argues that the redemption price may not include attorney fees incurred after the sheriff's sale. A judgment debtor may redeem property sold at a sheriff's sale within one year. RCW 6.23.020(1)(b). To redeem the property from the purchaser, the judgment debtor must pay

> (1) the amount bid at the sheriff's sale with interest, (2) any assessment or taxes paid by the purchaser with interest, [and] (3) any sum paid by the purchaser on a prior lien or obligation secured by an interest in the property to the extent payment was necessary to protect the judgment debtor or a redemptioner.

Performance Constr., LLC v. Glenn, 195 Wn. App. 406, 409, 380 P.3d 618 (2016); RCW 6.23.020(2).

Nair did not challenge the fee award on this basis below. This court will generally decline to review any claim of error not raised before the trial court. RAP 2.5(a). Exceptions to this rule are narrow. They include (1) lack of trial court jurisdiction, (2) failure to establish facts upon which relief can be granted, and (3) manifest error affecting a constitutional right. RAP 2.5(a). Nair does not argue that any of these exceptions apply. He has failed to preserve this claim of error.

Amount of Post-Sale Attorney Fee Award

Finally, Nair challenges the amount and reasonableness of approximately $22,200 in post-sale attorney fees awarded to the Association. Nair specifically objects to $10,700 awarded for work during the one-year redemption period following the sheriff's sale, arguing that this amount was excessive in light of the fact that no complicated redemption issues arose, such as competing claims by

8

other lienholders. He also challenges $11,500 awarded following the redemption, arguing that this amount was unreasonable because he was "mostly" pro se until the hearing on the Association's motion.[9]

To calculate attorney fees, Washington courts use the lodestar method, which is determined by multiplying the reasonable number of hours worked by the reasonable hourly rate. Henningsen v. WorldCom, Inc., 102 Wn. App. 828, 847, 9 P.3d 948 (2000). While a trial court has discretion to adjust the lodestar upward or downward, the court reserves such adjustments for rare occasions. Henningsen, 102 Wn. App. at 847. We review the reasonableness of an award of attorney fees for abuse of discretion. Unifund CCR Partners v. Sunde, 163 Wn. App. 473, 484, 260 P.3d 915 (2011). When attorney fees are authorized, "in order to reverse that award, the opponent must show that the trial court manifestly abused its discretion." Unifund, 163 Wn. App. at 484.

Here, the trial court made lengthy and detailed findings regarding the reasonableness of the Association's request for attorney fees and costs:

> The Court . . .
>     FINDS and CONCLUDES that the Association is entitled to its attorney fees and costs and that those fees and costs were reasonable and necessary for this case and that the relevant factors of RPC 1.5(a) are satisfied, specifically that (i) the time, skill and labor involved in this case (this "Case"), in Mr. Nair's bankruptcy case (U.S.B.C. W.D. Wash. Case No. 15-12626) (the "Bankruptcy Case"), and in Mr. Nair's bankruptcy appeal to the 9th Circuit Bankruptcy Appellate Panel (BAP 9th Cir. Case No. 16-1365) (the "Appeal"), was higher than usual due to Mr. Nair's litigation tactics, delays and unsubstantiated claims; (ii) the difficulty of this Case, the Bankruptcy Case, and the Appeal forced the Association's counsel to dedicate considerable time to it, which

---

[9] The record shows that an attorney represented Nair for the majority of the proceedings.

> precluded counsel from accepting other employment; (iii) the Association's attorneys are experienced and the rates charged to the Association were fair; (iv) the amount at stake was substantial and it was reasonable for the Association's counsel to devote the time and resources to it as set forth in counsel's billing records. The Court further
>
> FINDS and CONCLUDES that the time devoted to the Association's claim in this Case, the Bankruptcy Case, and in the Appeal were reasonable and necessary, and considering the Lodestar methodology, all work was performed in a cost efficient manner, the hours spent on the Association's claim were reasonable, there was no time spent on unsuccessful claims or theories, the billing records submitted in support of the request for attorney fees and costs are sufficiently detailed and the hourly rates reasonable.

The court further found that Nair was "entirely responsible for the increase in fees in this matter through his actions."

Detailed billing statements support the trial court's findings of fact. Nair does not specifically challenge any of the trial court's findings. Unchallenged findings of fact are verities on appeal. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 808, 828 P.2d 549 (1992). And he fails to support his conclusory allegations with any meaningful discussion of specific billing entries or work performed. RAP 10.9(a)(6). Nair has not demonstrated an abuse of discretion in the amount of the attorney fee award.

Attorney Fees and Costs on Appeal

The Association requests attorney fees and costs on appeal pursuant to RAP 18.1. Because both the CCRs and RCW 64.38.050 authorize an award of fees to the prevailing party in an action to collect assessments, we grant the Association's request for fees subject to compliance with RAP 18.1(d).

10

We affirm the court's award of attorney fees and costs to the Association.

Brennan, J

WE CONCUR:

Mann, C.J.