IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| BICKFORD LANDING LLC, | No. 85162-4-I |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| TRINITY CONTRACTORS, INC., | |
| Respondent. | |

BOWMAN, J. — In this construction lien action, Bickford Landing LLC appeals the trial court's award of attorney fees and costs to Trinity Contractors Inc. Bickford challenges the amount and reasonableness of the fees and asserts that the trial court failed to explain its reasoning. We affirm.

FACTS

Bickford is the owner of a townhome construction project in Snohomish. Trinity was the general contractor for the project and started construction in October 2021. A payment dispute arose between the parties during summer 2022.

On October 14, 2022, Trinity filed a construction lien against the Bickford property for $2,446,150.70. On November 23, 2022, Bickford initiated special proceedings to reduce the lien as "clearly excessive" under RCW 60.04.081 without any pending foreclosure suit on the lien. Bickford asked the court to reduce the lien to $149,204.75.

The trial court held two show cause hearings. On December 30, 2022, it entered an order reducing Trinity's lien to $500,000. Trinity then moved for reconsideration. On February 8, 2023, the trial court granted Trinity's motion and reversed its order reducing the lien. The court also ruled that Trinity was entitled to a mandatory award of attorney fees and costs as the prevailing party under RCW 60.04.081(4).

Trinity requested $73,379.50 in attorney fees and $87.68 in costs. Bickford did not dispute that Trinity was statutorily entitled to an award of fees as the prevailing party but argued that the request was "unreasonably high." On March 22, 2023, the trial court entered an order and judgment awarding Trinity $73,467.18 in attorney fees and costs plus interest.

Bickford appeals.

ANALYSIS

There is no dispute Trinity was entitled to fees below as the prevailing party under RCW 60.04.081(4). Bickford argues that the trial court abused its discretion by failing to comply with the lodestar calculation, resulting in an unreasonable and excessive attorney fee award. We disagree.

We review the reasonableness of an attorney fee award for abuse of discretion. Unifund CCR Partners v. Sunde, 163 Wn. App. 473, 484, 260 P.3d 915 (2011). "A court abuses its discretion when its decision is manifestly unreasonable, or exercised on untenable grounds or for untenable reasons." Gildon v. Simon Prop. Grp., Inc., 158 Wn.2d 483, 494, 145 P.3d 1196 (2006).

In determining reasonable attorney fees, the trial court must calculate the "lodestar figure." Bowers v. Transamerica Title Ins. Co., 100 Wn.2d 581, 597, 675 P.2d 193 (1983). First, attorneys must provide reasonable documentation of the work they performed. Id. Then, to get the lodestar figure, the trial court calculates the number of hours counsel reasonably expended; discounts hours spent on unsuccessful claims, duplicated effort, and otherwise unproductive time; and multiplies those hours by the attorney's reasonable hourly rate. Id. While a trial court has discretion to increase or decrease the lodestar amount, the court reserves such adjustments for rare occasions. Henningsen v. WorldCom, Inc., 102 Wn. App. 828, 847, 9 P.3d 948 (2000). The trial court must also create a record adequate to support review, which includes making findings of fact and conclusions of law on the lodestar elements. Mahler v. Szucs, 135 Wn.2d 398, 435, 957 P.2d 632 (1998). These "findings must show how the court resolved disputed issues of fact and the conclusions must explain the court's analysis." Berryman v. Metcalf, 177 Wn. App. 644, 658, 312 P.3d 745 (2013).

1.  Sufficiency of Record for Review

Bickford argues that the trial court failed to explain its reasoning in the record sufficient for meaningful review on appeal. We disagree.

The court issued a 10-page written order with detailed findings of fact and conclusions of law. Contrary to Bickford's assertions, these findings and conclusions are adequate for our review. They specifically address the reasonableness of hours and hourly rates. And they explain the factors the court used to calculate the lodestar fee and why it did not reduce the requested award.

Still, Bickford contends that the court's verbatim adoption of Trinity's proposed findings deviates from the active role a court must take when reviewing fee requests. See Mahler, 135 Wn.2d at 434. But "[a] trial court does not need to deduct hours here and there just to prove to the appellate court that it has taken an active role in assessing the reasonableness of a fee request." McLelland v. Paxton, 11 Wn. App. 2d 181, 224, 453 P.3d 1 (2019) (citing Miller v. Kenny, 180 Wn. App. 772, 823, 325 P.3d 278 (2014)). And while Bickford points out that the court's written order did not incorporate or adopt some of the comments it made during the fee hearing, the written order is adequate without them.

## 2.  Discounting Amounts

Bickford also argues that the court abused its discretion by misapplying the lodestar method and failing to discount amounts from the fee award based on "block billing," unsuccessful efforts, excessive rates, and duplicative work. Again, we disagree.

### A.  Block Billing

Bickford contends the trial court based its award on Trinity's block billing, making it "impossible" for the court to "verify" how much time counsel spent on each task. But Bickford does not point to any particular billing entry as being obscure, impossible to segregate, or otherwise problematic. Nor does Bickford provide any authority that prohibits such billing, so we presume it found none. Helmbreck v. McPhee, 15 Wn. App. 2d 41, 57, 476 P.3d 589 (2020); see also RAP 10.3(a)(6).

In any event, billing documentation " 'need not be exhaustive or in minute detail, but must inform the court, in addition to the number of hours worked, of the type of work performed, and the category of attorney who performed the work (i.e., senior partner, associate, etc.).' " Mahler, 135 Wn.2d at 434 (quoting Bowers, 100 Wn.2d at 597). Here, counsel for Trinity submitted billing records that listed detailed narrative descriptions of the tasks completed, including the dates worked, the time spent on the tasks, and the identity of the individual doing the work. The trial court concluded that "Trinity has provided sufficient billing documentation containing enough detail to allow this Court to properly review the tasks performed and conclude the tasks were necessary and the bills do not contain duplicative or otherwise excludable work."[1] It also concluded that "Trinity's formatting of its time entries is sufficient to determine that all of the time spent and tasks performed were reasonable and necessary to successfully represent Trinity and secure the successful result obtained."

The trial court did not abuse its discretion by refusing to reduce the fee award based on Trinity's use of block billing.

B. Unsuccessful Efforts

Bickford argues that the trial court should have discounted time spent on Trinity's unsuccessful efforts. Bickford points out that "much of Trinity's legal work . . . was spent on the response to [Bickford's] show cause hearings," which first resulted in the trial court granting Bickford's petition to reduce Trinity's lien from $2,446,150 to $500,000.

---

[1] The trial court added this emphasis to Trinity's proposed order.

The court should reduce the lodestar for "unsuccessful claims, duplicated or wasted effort, or otherwise unproductive time." Chuong Van Pham v. Seattle City Light, 159 Wn.2d 527, 538, 151 P.3d 976 (2007). But Trinity prevailed after reconsideration, so its claims were ultimately successful. The trial court did not abuse its discretion in refusing to discount the time and effort Trinity expended in responding to the show cause hearings.

C. Excessive Rates

Bickford contends that the hourly rates for Trinity's counsel were excessive because Bickford's counsel billed at a lower rate. But the trial court expressly found:

> The hourly rates charged by [Trinity's law firm] — including a named partner, associates, and paralegals — are reasonable given the skill, experience, and reputation of the lawyers involved and the rates charged by professionals with comparable skill and experience in Seattle.

The court also found that Trinity's counsel's rates are "not outside of the typical rates charged for similarly situated professionals," and that they are "reasonable considering the complexity of the dispute and the amount at stake." And as stated above, it concluded that Trinity's bills did not contain duplicative or otherwise excludable work. That Bickford's counsel billed at a lower rate does not change the analysis.

The fee award was not excessive or unreasonable.

D.  Duplicative Work

Bickford argues the trial court abused its discretion by failing to discount duplicative fees in preparing for arbitration.  In particular, Bickford asserts that Trinity billed substantial time for its work with construction expert Paul Pederson to provide a report supporting Trinity's lien amount.  Bickford asserts that Pederson's expert report will no doubt be used in the arbitration proceedings, so the court should not award fees for Trinity's work preparing his declaration.

As Trinity points out, it did not request Pederson's time preparing his expert report as part of the fee award.  Rather, Trinity billed time spent preparing a declaration for Pederson in support of its opposition to reduce the lien as clearly excessive in the show cause proceedings.  Accordingly, the trial court found:

> Trinity's work in relation to the defending against [Bickford's] motion shall not be discounted for Mr. Pederson's involvement.  It is inappropriate to discount any work Mr. Pederson was involved in as Trinity's legal efforts were exclusive to its opposition efforts.

The trial court did not abuse its discretion in declining to discount the fee award.

## 3.  Attorney Fees and Costs on Appeal

Both parties request attorney fees on appeal under RAP 18.1 and RCW 60.04.081(4).  "[I]n general, where a prevailing party is entitled to attorney fees below, they are entitled to attorney fees if they prevail on appeal."  Sharbono v. Universal Underwriters Ins. Co., 139 Wn. App. 383, 423, 161 P.3d 406 (2007).  Because Trinity is the prevailing party, we award reasonable attorney fees and

7

costs to Trinity on appeal subject to compliance with RAP 18.1.  We deny

Bickford's request for fees.

    We affirm the trial court's award of attorney fees and costs to Trinity.


_____
Brennan, J

WE CONCUR:


_____
Díaz, J.

_____
Birk, J.